UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

RICHARD E. OWENS,

Debtor.

_____/

Case No. GG 10-00475
Chapter 7

## OPINION REGARDING WITHDRAWAL OF CLAIM

Appearances:

Perry G. Pastula, Esq., Wyoming, Michigan, attorney for Richard E. Owens, Debtor.

Peter A. Teholiz, Esq., Lansing, Michigan, attorney for Marcia R. Meoli, Chapter 7 Trustee.

## I.  INTRODUCTION.

Richard E. Owens (the "Debtor") and Anne M. Owens ("Ms. Owens") were divorced

prior to the filing of the Debtor's bankruptcy case.  More than a year after the Debtor filed

his voluntary chapter 7 petition, Ms. Owens filed a proof of claim for amounts due, or that

would eventually become due, under a prepetition spousal support order.  Ms. Owens later

filed a withdrawal of her claim.  The Debtor objected to the purported withdrawal, asserting

that Ms. Owens lacked the ability to withdraw the claim as of right and that the court should

not permit the withdrawal under Federal Rule of Bankruptcy Procedure 3006.[1]  For the

reasons that follow, the Debtor's objection to withdrawal of the claim is overruled.

---

[1] In this opinion, the court shall often cite the rules as "Bankruptcy Rule ___."

## II.  ISSUE.

The issue presented is narrow and straightforward: under the facts and circumstances of this case, may Ms. Owens withdraw her proof of claim as of right?

## III.  JURISDICTION.

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334. The court may decide this matter.  28 U.S.C. § 157(a) and Local Rule 83.2(a) of the United States District Court for the Western District of Michigan (which refers all bankruptcy cases and related matters to this bankruptcy court).  This matter is a core proceeding because it concerns the "administration of the estate," 28 U.S.C. § 157(b)(2)(A).  This opinion constitutes the court's findings of facts and conclusions of law in accordance with Bankruptcy Rule 7052.

## IV.  FACTS AND PROCEDURAL BACKGROUND.

The parties have stipulated to the majority of facts in this contested matter.[2]  The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 19, 2010.  Marcia R. Meoli (the "Trustee") was appointed to administer the bankruptcy case.

Prior to the filing of his chapter 7 case, the Debtor was required to make spousal support payments to his ex-wife, Ms. Owens, pursuant to a Uniform Spousal Support Order (the "support order") entered by the State of Michigan, Kent County Circuit Court (the "state

---

[2] See Stipulated Facts, Dkt. No. 97, and attached joint exhibits 1 through 4.  To the extent the facts referenced in this opinion were not stipulated to by the parties, citations to the record are included.

court"). The support order requires the Debtor to pay Ms. Owens Seven Hundred Fifty Dollars ($750) a month until a total of Fifty Thousand Dollars ($50,000) is paid.

During the one hundred eighty days following the filing of the chapter 7 case, the Debtor's father died, and the Debtor inherited over $400,000 in assets. The inheritance included bank accounts, savings bonds, life insurance and IRA proceeds, and trust distributions.

Upon learning of the Debtor's inheritance, the Trustee filed a notice of possible dividend. The notice stated December 9, 2010 as the deadline for filing claims (the "claims bar date"). As of this deadline, claims totaling approximately Twenty Seven Thousand Dollars ($27,000) were filed. Included in this amount was a proof of claim filed by the Kent County Friend of the Court in the amount of "$4,146.97 (current balance is $3,397.53)." This claim represented the spousal support installments that were due as of the date of the bankruptcy petition.

On January 21, 2011, more than a month after the claims bar date, Ms. Owens filed a priority claim in the amount of Thirty Eight Thousand Dollars ($38,000). This claim represented amounts that would eventually be owed to Ms. Owens under the support order. At the subsequent evidentiary hearing regarding this claim, the Trustee testified that she sent an e-mail correspondence to Ms. Owens on February 11, 2011. (Tr. at 22.)[3] In the e-mail message, the Trustee suggested that the claim was duplicative and improperly requested payment of postpetition debt. (Tr. at 16.) The Trustee testified that Ms. Owens

---

[3] All citations to the Transcript of the Evidentiary Hearing on the Withdrawal of Claim filed by Anne M. Owens held on June 21, 2011, Dkt. No. 98, are designated herein as "Tr. at __."

responded by e-mail that same day and indicated that she would withdraw the claim. (Tr. at 22.)

On March 23, 2011, this court approved a settlement agreement between the Debtor and the Trustee. Under the settlement agreement, the Debtor agreed to turn over approximately $48,000 of the inherited assets as non-exempt property of the estate. In exchange, the Trustee waived any further claims to the Debtor's remaining inherited assets.

At the evidentiary hearing on withdrawal of Ms. Owens' claim, the Trustee credibly testified about the circumstances that lead to the settlement agreement.[4] The Trustee explained that, because of the assets involved, there were legal issues as to what portion of the Debtor's inheritance the Trustee could recover as property of the estate. (Tr. at 20-21; 24-25.) However, at the time the settlement was reached, the claims bar date had passed, and the claims on file, excluding the claim filed by Ms. Owens, totaled approximately Twenty Seven Thousand Dollars ($27,000). (Tr. at 21.) Because the amount recovered by the estate under the settlement agreement would be more than sufficient to fully pay all claims on file (aside from the tardy claim filed by Ms. Owens, which the Trustee understood was to be withdrawn) and the administrative expenses, the Trustee reasoned that it would be illogical to attempt to recover more than the settlement amount. (Tr. at 25-26.) The settlement agreement supports the Trustee's testimony. It states:

> The Trustee and Debtor agree this Settlement is in the best interest of the bankruptcy estate, the Debtor's creditors and the Debtor for the following reasons:

---

[4] The Debtor did not testify at the hearing.

a.  The funds available to the Trustee for distribution should be sufficient to pay the filed claims and expenses of administration, *with the exception of the Debtor's ex-wife's claim*, which is either a late-filed claim, a duplicative claim, or subject to objection under 11 U.S.C. 502 (b)(5).

b.  The Trustee and Debtor will save the expense of litigation over what funds received or to be received by the Debtor as the result of his father's death are property of the bankruptcy estate.

Settlement Agreement Regarding Turnover of Estate Property and Objection to Exemptions ("Settlement Agreement"), Dkt. No. 79, Joint Exhibit No. 5, at ¶ 17 (emphasis added).

On March 25, 2011, two days after the court approved the settlement agreement, Ms. Owens filed a withdrawal of her proof of claim. The Debtor filed an objection to the withdrawal on April 13, 2011, and an evidentiary hearing was held before this court on June 21, 2011.

The evidence presented at the hearing established that, during the time between the filing of Ms. Owens' claim and its withdrawal, no objections to the claim were filed. Although Ms. Owens was a named defendant in an adversary proceeding filed early in the Debtor's bankruptcy case, that adversary proceeding sought a determination that attorney's fees owed to Ms. Owens' divorce attorney were dischargeable. The adversary proceeding was settled and dismissed on September 14, 2010, prior to the filing of Ms. Owens' proof of claim. In the time that Ms. Owens' proof of claim was pending with the court, no other adversary proceedings were filed.

Finally, the Trustee testified at the hearing regarding Ms. Owens' involvement and participation in the bankruptcy case. The Trustee's credible testimony established that Ms.

Owens and her divorce attorney contacted the Trustee several times in early 2010, immediately after the Debtor's case was filed, because they were concerned that the Debtor may have failed to disclose certain assets. (Tr. at 11-12; 18.) The Trustee ultimately determined that these assertions lacked merit. (Tr. at 12-13.) After that, the Trustee explained that she received occasional inquiries from Ms. Owens regarding the status of the case. (Tr. at 14.) In addition, the Trustee recalled that she likely informed Ms. Owens of the deadline for filing proofs of claim. (Id.) As noted above, the Trustee also stated that she contacted Ms. Owens in February 2011, after the claim was filed, to advise Ms. Owens that she might object to the claim and to suggest it be withdrawn. (Tr. at 14-16.) Other than these instances, the Trustee did not have any other significant contact with Ms. Owens or her attorneys.

At the conclusion of the evidentiary hearing, the court took the matter under advisement.[5]

## V.  DISCUSSION.

Withdrawal of proofs of claim in bankruptcy cases is governed by Bankruptcy Rule 3006 which states:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee . . . .

---

[5] The Debtor argued in his brief that he could have filed a so-called "protective claim" on Ms. Owens' behalf. See FED. R. BANKR. P. 3004. No such claim was filed and the court sees no reason to address a hypothetical situation.

FED. R. BANKR. P. 3006.  This Rule is derived from Federal Rule of Civil Procedure 41(a) which governs voluntary dismissal of civil actions in federal courts.[6]  Cruisephone, Inc. v. Cruise Ships Catering & Servs. N.V. (In re Cruisephone, Inc.), 278 B.R. 325, 330 (Bankr. E.D.N.Y. 2002).  Like Rule 41(a), the general purpose of Bankruptcy Rule 3006 is to facilitate voluntary withdrawal of claims, while also "fixing the point at which the court and the [other parties] are so committed" that withdrawal may "no longer be had as of right and judicial permission is required."  Id.; In re 20/20 Sport, Inc., 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("[T]he purpose of Bankruptcy Rule 3006 is to allow a creditor to withdraw a proof of claim unless the effect of filing 'initiates a contest that must be disposed of by the court.'") (citing Advisory Committee Note to Bankruptcy Rule 3006) (additional citation omitted).

To effectuate this purpose, Rule 3006 specifically identifies four events that terminate a creditor's ability to withdraw a claim as of right.  Under the Rule, a creditor may withdraw a claim unilaterally, and without court approval, unless: (1) an objection to the claim has been filed; (2) a complaint has been filed against the creditor in an adversary proceeding; (3) the creditor has accepted or rejected the plan; or (4) the creditor has

---

[6] Under Rule 41(a), a plaintiff may dismiss an action without court approval by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," FED. R. CIV. P. 41(a)(1)(A)(i), or a "stipulation of dismissal signed by all parties who have appeared," FED. R. CIV. P. 41(a)(1)(A)(ii).  After an answer or motion for summary judgment has been served, unless the parties stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2); see Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc., 583 F.3d 948, 953 (6th Cir. 2009).

otherwise "participated significantly" in the case.[7] FED. R. BANKR. P. 3006; Cruisephone, Inc., 278 B.R. at 330.

In this contested matter, the Debtor asserts that two of these events have occurred. First, the Debtor argues that Ms. Owens may not withdraw her claim because she was a named defendant in a prior adversary proceeding involving the dischargeability of certain attorney's fees owed to Ms. Owens' divorce attorney. This argument lacks merit. Under the plain language of Rule 3006, withdrawal as of right is only precluded if a complaint is filed against the creditor *after* that creditor has filed her proof of claim. In re 20/20 Sport, Inc., 200 B.R. at 977 ("[I]n order to fall within the exceptions to [Rule 3006], the adversary proceeding must be filed after the proof of claim is filed."). The adversary proceeding against Ms. Owens was dismissed on September 14, 2010, approximately four months prior to the filing of her proof of claim. Accordingly, the  prior adversary proceeding does not bar withdrawal of Ms. Owens' proof of claim.[8]

Second, the Debtor argues that Ms. Owens may not withdraw her claim as of right because she has "participated significantly" in the Debtor's bankruptcy case. The Debtor

---

[7] In a case involving voluntary dismissal under Rule 41(a)(1)(i) (which has since been re-numbered as Rule 41(a)(1)(A)(i)), the Sixth Circuit Court of Appeals has held that, in evaluating whether voluntary dismissal is permitted without court approval, the court's only function is to determine whether the events identified in the rule, i.e., the filing of an answer or motion for summary judgment, have occurred. D.C. Electronics, Inc. v. Nartron Corp., 511 F.2d 294, 298 (6th Cir. 1975). When considering whether a claim may be withdrawn as of right under Bankruptcy Rule, a similar inquiry is required.

[8] If the adversary proceeding had been filed after Ms. Owens' proof of claim, this court would have to determine whether withdrawal of Ms. Owens' claim for amounts due under the spousal support order would barred by the subsequent filing of an adversary proceeding involving the dischargeability of a separate debt for attorney's fees. However, because of the timing of the adversary proceeding, the court need not address that issue.

8

asserts that Ms. Owens' significant participation in the case is established by her communications with the Trustee regarding the status of the case, as well as by the fact that she was a named defendant in the adversary proceeding regarding dischargeability of the divorce attorney's fees. The court concludes that these actions are insufficient to establish significant participation under Rule 3006.

Although the term "participated significantly" is not defined in the Bankruptcy Rules, courts have held that the term "necessarily implicates a creditor that enters a bankruptcy case and asks the court to act on its behalf in some substantive way." Cruisephone, Inc., 278 B.R. at 331 (concluding that creditor had not "participated significantly" in chapter 11 case, even though it monitored the case "with some degree of vigilance and care," participated in settlement discussions, and was involved in complying with a discovery order). The court finds that neither Ms. Owens' contacts with the Trustee regarding the status of the bankruptcy case, nor the fact that she was named as a defendant in the adversary proceeding, constitute "significant participation" for purposes of Rule 3006. Ms. Owens did not request substantive relief from the court in either of these instances,[9] and

---

[9] The court notes that Ms. Owens filed a motion for relief from stay early in the bankruptcy case. (Dkt. No. 19.) The motion was granted by the court in an order entered on May 24, 2010. (Dkt. No. 45.) Although this motion was not cited in the Debtor's brief as an example of Ms. Owens participation in the case, the court has considered the motion. It does not change the court's analysis.

The motion, which was filed and granted well before Ms. Owens' claim, merely requested relief from the automatic stay to permit Ms. Owens and the Debtor to resolve outstanding issues relating to their divorce case in the state court. Under these circumstances, the motion for relief from stay does not constitute significant participation that would bar withdrawal of Ms. Owens' claim. See Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Systems, LLC), 304 B.R. 111, 124 (Bankr. D.N.J. 2003) (creditor's filing of a motion "seeking to remand an involuntarily removed case does not constitute 'significant participation' for purposes of Bankruptcy Rule 3006").

it cannot be said that these actions, the majority of which pre-dated the filing of the claim, brought the parties past the point at which withdrawal of Ms. Owens' claim without court approval would be unfair or prejudicial.

Because none of the exceptions to withdrawal as of right apply in this contested matter, Ms. Owens may withdraw her proof of claim under Bankruptcy Rule 3006. However, even if Ms. Owens' unfettered right to withdraw her claim had terminated, she could still seek leave of the court to withdraw it.  Under the facts of this case, the court would be strongly inclined to permit withdrawal.  When determining whether withdrawal of a claim should be permitted under Rule 3006, courts typically allow the withdrawal unless the debtor will suffer legal prejudice as a result.  In re 20/20 Sport, Inc., 200 B.R. at 979 (citing Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss), 67 F.3d 1394, 1399 (9th Cir. 1995)) (additional citations omitted); see Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (whether to permit voluntary dismissal of an action under Rule 41(a)(2) is within the trial court's discretion; an abuse of this discretion only occurs if the defendant would "suffer 'plain legal prejudice' as a result" of the dismissal).

The Debtor will not suffer legal prejudice if Ms. Owens' claim is withdrawn.  If the court were to adopt the Debtor's position and deny withdrawal of Ms. Owens' claim, the bankruptcy estate would likely be required to pay this claim, along with the other unsecured claims, out of the settlement proceeds.  Because Ms. Owens' claim is for a domestic support obligation, any payments made by the bankruptcy estate will reduce the Debtor's nondischargeable debt to Ms. Owens.  The financial advantage of this result from the Debtor's perspective is obvious.  But the concept of legal prejudice involves more than the

10

mere loss of a financial advantage.[10] See generally Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001) ("[L]egal prejudice means prejudice to some legal interest, some legal claim," or "some legal argument.") (citation and internal quotation marks omitted); Black's Law Dictionary (9th ed. 2009) (prejudice is "[d]amage or detriment to one's legal rights or claims"). The Debtor's legal interests or arguments will not be adversely affected by withdrawal of the claim.

Any disadvantage the Debtor may experience as a result of withdrawal of Ms. Owens' claim is *significantly* outweighed by the unfairness to creditors that would occur if the court adopted the Debtor's position. At the time the Trustee entered into the settlement agreement with the Debtor, the claims bar date had passed. As a result, the claims universe in the case was fixed and totaled approximately Twenty Seven Thousand Dollars ($27,000). Based on the nature of Ms. Owens' claim, its tardiness, and the fact that she had been advised that the claim was to be withdrawn, the Trustee also believed that the claims to be paid by the estate would not include the claim filed by Ms. Owens. It is apparent that the Debtor shared this viewpoint based upon the language in the settlement agreement to which he explicitly consented. The settlement states that the "Trustee and the Debtor agree" that the settlement is in the best interest of the estate and the Debtor because the funds paid to the Trustee under the settlement will be *"sufficient to pay the*

---

[10] In determining whether a defendant will suffer plain legal prejudice as the result of a dismissal under Rule 41(a), the Sixth Circuit Court of Appeals has considered factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Grover, 33 F.3d at 718. None of these factors are present in this contested matter.

*filed claims and expenses of administration, with the exception of the Debtor's ex-wife's claim, which is either a late-filed claim, a duplicative claim, or subject to objection under 11 U.S.C. 502(b)(5)."* Settlement Agreement, Dkt. No. 79, Joint Exhibit No. 5, at ¶ 17 (emphasis added). The Trustee testified that the settlement proceeds would be more than sufficient to pay the claims on file and that this was a significant factor in her decision to enter into the settlement agreement with the Debtor.

The position now taken by the Debtor – that Ms. Owens' claim for a nondischargeable domestic support obligation may not be withdrawn and should be paid along with the other unsecured claims – is unjustly inconsistent with the position previously taken by the Debtor in negotiating and signing the settlement agreement with the Trustee. The contradictory nature of the Debtor's positions evidences a certain level of legal gamesmanship that approaches, if not reaches, judicial estoppel. See White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 476 (6th Cir. 2010) ("The doctrine of judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'") (quoting New Hampshire v. Maine, 532 U.S. 742, 749, 121 S. Ct. 1808 (2001)). The result advocated by the Debtor also violates the general requirement that the Bankruptcy Rules are to be "construed to secure the *just*, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001 (emphasis added). If Ms. Owens' claim is not withdrawn and is eventually paid by the estate out of the settlement proceeds, this payment will significantly reduce the pro rata distribution to be received by other unsecured creditors. Given the circumstances of the case, with particular emphasis upon the position taken by the Debtor in the settlement of the inheritance issues, it would be unjust to permit

12

the Debtor to switch positions to gain an unwarranted financial advantage over his creditors who hold allowed claims.

## VI. CONCLUSION.

For the foregoing reasons, the Debtor's objection to withdrawal of Ms. Owens' proof of claim is OVERRULED. Ms. Owens' claim is deemed withdrawn. A separate order shall be entered accordingly.

Dated this 16th day of August, 2011
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge

13